```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION


UNITED STATES OF AMERICA       :
                               :
                               :     CRIMINAL ACTION NO.
                               :
        v.                     :     1:14-CR-344-2-WSD-ECS
                               :
                               :
HUDHAYFAH ABDULLAH,            :
                               :
    Defendants.                :
```

**REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

**I.**
**Introduction**

This matter is before the Court on the motion of Defendant Hudhayfah Abdullah "for relief from improper joinder." [Doc. 245]. Defendant moves the Court to sever Counts 31 through 59, and Count 62, from the trial of the other counts of the indictment. Id. Defendant argues that the counts sought to be severed were improperly joined under Rule 8(b) of the Federal Rules of Criminal Procedure. Id. at 2-3. The government opposes the motion, arguing that the counts are properly joined "because there is a relationship among the offenses." [Doc. 288 at 5].

**II.**
**The Arguments**

The indictment in this matter is in sixty-two counts. Defendant, Hudyahfah Abdullah, is charged in Counts 1, 2, 10, 11, 12, 13, 14, 16, 17, 18, 19, 26, 27, 28, 29, and 61. Count 1 charges 17 defendants, including Defendant, in a conspiracy to steal and cash United States Treasury checks, sometimes using counterfeit identification. [Doc. 1 at 2-21]. This conspiracy is alleged to have begun no later than June of 2012 and continued through the date of the indictment in September of 2014. [Id. at 2]. Counts 2 through 19 allege substantive counts related to the Treasury check cashing conspiracy, and Defendant is named in certain of these counts. [Id. at 21-24]. Counts 20 through 30 allege aggravated identity theft associated with specific counts of the Treasury check cashing conspiracy, naming Defendant in certain of these counts as well. [Id. at 24-25].

Count 31 sets forth a separate conspiracy count against three defendants. Only one of these three defendants, Hussain Abdullah, is named in any of the Treasury check cashing counts. [Id. at 25-30]. Count 31 alleges that the three defendants were engaged in a conspiracy to commit access device fraud. [Id.]. The fraud is alleged to involve the fraudulent use of store credit cards at Sam's Club and Walmart, which also involve the use of fraudulent identification documents. [Id.]. This conspiracy is alleged to have begun in April 2011 and continued through about November 2011. [Id.

2

at 25]. Counts 32 through 45 set forth substantive counts of access device fraud against the same three defendants related to the Sam's Club and Walmart fraudulent credit card conspiracy. [Id. at 30-32]. Counts 46 through 59 allege substantive counts of aggravated identity theft also against the same three defendants and related to the Sam's Club and Walmart-related charges. [Id. at 32-33]. Count 62 is a conspiracy count naming Hussain Abdullah as conspiring to commit robbery by force from individuals involved in drug trafficking. [Id. at 35].

Defendant is not named in Counts 31, 32 through 45, 46 through 59, or 62.[1] Defendant argues that the counts that involve the three defendants that relate to the Sam's Club and Walmart credit card fraud, and the Hobbs Act robbery charge in Count 62, should be severed and not tried with the remaining counts. His argument is that joinder is improper under Rule 8(b), requiring severance. He submits that the Walmart and Sam's Club Counts and the Hobbs Act Count are separate charges not brought against Defendant that are not part of the same acts or transactions charged against Defendant, nor are they part of the same series of transactions, constituting an offense or offenses. [Doc. 245 at 2-3]. He relies heavily on

---

[1]   The joinder of Counts 60 and 61 are not challenged in Defendant's motion. Count 60 charges misuse of a passport by a defendant in the Treasury check counts, and Count 61 charges Defendant with lying on a firearms purchase form. [Doc. 1 at 34-35].

3

<u>United States v. Weaver</u>, 905 F.2d 1466, 1476 (11th Cir. 1990), <u>cert.</u> <u>denied</u>, 498 U.S. 1091, 111 S. Ct. 972 (1991).

The government's argument boils down to the contention, based in part upon a proffer, that joinder is proper because the two conspiracy counts (and related substantive counts) share a common defendant, Asad Abdullah, "and arise from a common profit motive." [Doc. 288 at 3-4]. More particularly, the government argues that there is a connection because the nature and execution of the schemes alleged in the indictment are similar, in that identity fraud was used to facilitate the check fraud and the credit card fraud. The government submits that, at trial, the evidence will show that Asad Abdullah, the only common defendant, was the "designer, organizer, and/or leader of both fraud schemes." [<u>Id.</u> at 5]. The government also asserts that the conspiracies are related because they "had a common criminal objective, ... namely to unlawfully obtain money for their own benefit." [<u>Id.</u>]. The government cites <u>United States v. Hill</u>, 643 F.3d 807, 829 (11th Cir. 2011), in which the appeals court declined to reverse the trial court's denial of severance where the conspiracies arose out of Hill's master scheme to defraud mortgage lenders through a common plan and design. The government also submits that Defendant cannot show compelling prejudice under Rule 14 sufficient to warrant severance under that rule. [Doc. 288 at 7].

**III.
Discussion**

Rule 8(b) of the Federal Rules of Criminal Procedure governs joinder of defendants and provides:

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"Joinder of parties and defendants under Rule 8 is designed to promote judicial economy and efficiency." Weaver, 905 F.2d at 1476. "The question of whether initial joinder is proper under Rule 8(b) is to be determined before trial by examination by the trial court of the allegations stated on the face of the indictment. However, whether joinder is improper based upon evidence proffered before or adduced during trial is governed by Rule 14." Id. Thus, an appellate court must first look to the indictment to determine if initial joinder was proper under Rule 8(b). Id. "If improper joinder under Rule 8(b) occurred, reversal is not required if the misjoinder was harmless error." Id. at 1477 (citing United States v. Lane, 474 U.S. 438, 449, 106 S. Ct. 725, 732 (1986)).

"Although one of the goals of joinder is to promote judicial economy, a countervailing purpose of Rule 8(b) 'is to prevent the cumulation of prejudice [growing out of] charging several defendants

5

with similar but unrelated offenses.'" Id. (citing United States v. Bova, 493 F.2d 33, 35 (5th Cir. 1974) (quoting Cupo v. United States, 359 F.2d 990, 993 (D.C. Cir. 1966), cert. denied, 385 U.S. 1013, 87 S. Ct. 723 (1967))). As stated, Rule 8(b) permits joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "However, 'when ... the connection between different groups is limited to a few individuals common to each but those individuals commit separate acts which involve them in separate offenses with no common aim, then the requisite substantial identity of facts or participants is not present.'" Weaver, 905 F.2d at 1477 (quoting United States v. Nettles, 570 F.2d 547, 551 (5th Cir. 1978)). And, "[w]hile criminal acts of several defendants may be similar in nature, these acts cannot be properly joined in a multiple defendant trial if different facts and circumstances must be established to support the alleged violations. But when the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense, joinder of defendants and offenses is proper." Id. (quoting United States v. Gentile, 495 F.2d 626, 630 (5th Cir. 1974)).

In Weaver, the facts underlying the various acts relating to the marijuana conspiracy and to the cocaine conspiracy were not so

6

closely connected that proof of such facts was necessary to establish each offense, nor was there a substantial identity of facts and participants involving similar acts in furtherance of a common plan. Id. at 1478. Thus, the two conspiracies were found to be separate and distinct transactions. As a result, initial joinder of the marijuana and cocaine conspiracies was held to be improper under Rule 8(b). Id.

In the instant case, the Treasury check conspiracy and its related offenses, and the Sam's Club and Walmart conspiracy and its related offenses, are not so closely connected in proof that proof of common facts is necessary to establish each offense. Indeed, the government concedes that, because the two conspiracies are distinct in time, the government will likely present its evidence regarding the two schemes separately, the Treasury check scheme first, followed by the credit card scheme. [Doc. 288 at 9]. The government also concedes that the only witnesses who are likely to overlap are the government's confidential informant and the case agent. Id.

Likewise, as in Weaver, there is no "substantial identity of ... participants" involving similar acts in furtherance of a common plan. 905 F.2d at 1470. While there is some similarity of the acts in the two conspiracies in the sense that both involve species of fraud facilitated in part by the use of fraudulent identification, the acts are different – one conspiracy involves the theft and

7

cashing of stolen checks, and the other the use of stolen identification information to manufacture credit cards, accompanied by the fraudulent use of the credit cards to obtain money.

As for a common aim or plan, the government argues that the two schemes shared a common objective, namely, "to unlawfully obtain money for their own benefit." [Doc. 288 at 5]. The government cites <u>United States v. Hill</u>, 643 F.3d 807, 829 (11th Cir. 2011), for the proposition that the joinder of conspiracies is proper, even where the defendant is implicated in only one and different actors were used in the different conspiracies, where the charges arose from the lead defendant's master scheme to defraud lenders through a common plan and design. [Doc. 288 at 5].

This case is different from <u>Hill</u>. The only common aim or plan alleged in the instant case is a general profit motive, presumably an aim or plan that would be present in virtually every fraud scheme. In <u>Hill</u>, on the other hand, it was clear from the evidence at trial that the three conspiracies were all part of an integrated master plan to facilitate the common aim of defrauding a series of banks and mortgage lenders, all related to the buying, financing, re-selling, and abandoning to foreclosure of properties acquired through the use of straw buyers, falsified appraisals, bribery, as well as complicit brokers and attorneys. 643 F.3d at 820-25. No such inter-connectedness has been alleged here on the face of the

indictment or by the government in its proffer. As noted, the two schemes here are factually different.

Furthermore, the time frames are not overlapping, the Sam's Club and Walmart conspiracies ending some nine months before the Treasury check conspiracy is alleged to have even commenced. There are no facts alleged in any way similar to those in Hill that would suggest that these two schemes, even though sharing a common "designer, organizer, and/or leader," were part of some over-arching, related plan, other than, of course, the general objective to obtain money by fraud. In that regard, United States v. Castro, 829 F.2d 1038, 1045 (11th Cir. 1987), is instructive. There the Court found that, despite a similar illegal objective, broadly speaking, "to obtain cash," the government failed to prove the necessary common objective among the charged conspirators, where "neither [conspiracy] depended on, was aided by or had any operational interest in the success of the other conspiracy." Id. (finding joinder improper). The same situation is presented in the instant case.

As for prejudice, the government argues that Defendant cannot show compelling prejudice sufficient to justify severance under Rule 14. But the first determination to be made is whether the counts are properly joinable under Rule 8(b). Here I conclude that they are not, for the reasons discussed above, even considering the

9

government's proffer about what the evidence will show. See United States v. Dominquez, 226 F.3d 1235, 1241 (11th Cir. 2000) (Court should consider government proffer when faced with Rule 8 motion). And it is significant that this matter is before the Court prior to trial, not on appeal, and before any evidence has actually been presented that can be evaluated as to actual prejudice. Here, this Defendant has been named in one conspiracy and a number of substantive counts but is not named in the other. Trial of both conspiracies will result in the presentation of evidence of a temporally and factually distinct fraud conspiracy unrelated to the allegations against Defendant but involving one common defendant who happens to be Defendant's brother. Although the jury could, as the government asserts, be instructed that the evidence must be properly considered only against the defendants charged in each respective count, some spillover effect would seem to be inevitable and unfair to Defendant. On the other hand, the government has not shown that trying the case with potentially all 19 defendants in one trial will be economical, as opposed to confusing and unwieldy. As a result, I would give some credit to Defendant on the issue of prejudice.

In summary, I conclude that joinder of the Sam's Club and Walmart conspiracy and related allegations with the remainder of the charges in the indictment would be improper under Rule 8(b), and recommend that Counts 31 through 59 be severed for separate trial,

even considering the government's proffer and their arguments of no prejudice.

As for count 62, it should also be severed. Count 62 is brought against Hussain Abdullah for conspiracy to take property by force, violence and intimidation, said property consisting of illegal drugs and proceeds from drug trafficking, in violation of 18 U.S.C. § 1951(a), allegedly beginning on July 17, 2014, and continuing until July 25, 2014. Hussain Abdullah is also named as a co-conspirator in Count 1 with Defendant, and in additional substantive counts of theft and aggravated identity theft related thereto, including six counts jointly with Defendant. See [Doc. 1, Counts 1, 12, 16, 17, 18, 19, 27].

The government's response to the motion as to Hussein is the same as to the other counts – severance should be denied because this count arose from the Abdullah brothers' common scheme or plan to unlawfully obtain money. But the joinder of this count suffers from the same infirmities as the joinder of the other counts. Robbery related to drug trafficking has nothing on its face to do with the other counts related to Treasury check theft and fraud and identify theft. The offenses are not the same or similar and the government has shown no connection between them except an alleged generalized common scheme or plan to unlawfully obtain money. This proffer has been discussed above and found lacking. Accordingly, I

11

conclude that joinder under Rule 8(b) is improper and that Defendant would suffer prejudice and taint from being joined in multiple counts with a co-defendant who has also been charged with such a violent crime. I do not, however, feel as strongly about the ability of the Court adequately to counteract any undue prejudice through the use of appropriate instructions.

## IV.
## Conclusion

To conclude, the undersigned **RECOMMENDS** that the motion for relief from improper joinder, [Doc. 245], be **GRANTED**, and that Counts 31 through 59 and Count 62 be severed from the trial of the remaining counts.

**SO REPORTED and RECOMMENDED**, this 10th day of February, 2015.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE