IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. |
| | : | |
| v. | : | NO. 1:14-CR-344-2-WSD-ECS |
| | : | |
| HUDHAYFAH ABDULLAH | : | |

**REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

**I.**
**Introduction**

This matter is before the Court on Defendant's motion, as supplemented, to suppress evidence seized from his residence on September 24, 2014, pursuant to a federal search warrant. [Doc. 246, 290]. A copy of the application and warrant with the receipt for property seized are attached as exhibits to the motion to suppress. [Docs. 291-1, 291-2]. Defendant did not file a reply to the government's opposition to the motion. The motion is therefore ready for a report and recommendation.

**II.**
**Defendant's Arguments**

Defendant's arguments for suppression are bare-boned. Defendant was directed to particularize the motion by December 24, 2014. Defendant supplement, however, added very little particularization

to Defendant's motion. See [Doc. 290]. The supplement requests an evidentiary hearing and asserts that the good-faith exception to the exclusionary rule does not apply. [Id. at 2].

The original motion provides the most guidance on Defendant's contentions. There, Defendant first attacks the warrant on the grounds that it lacked probable cause to support a search of the entire house, as opposed to only Defendant's areas of the house. [Doc. 246 at 2]. Defendant also attacks the scope of the seizures made with the warrant, particularly the seizures of the computer and electronic media items. [Id. at 2-3]. Finally, Defendant argues that the warrant application relied upon allegedly stale information regarding the stolen check scheme obtained on August 6, 2014, and, with respect to the firearms possession counts, information from telephone conversations recorded in May and June of 2014. [Id.].

### III.
### Discussion

A motion to suppress must meet threshold pleading requirements before a Court is required to address the merits of the motion:

> A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented. United States v. Smith, 546 F.2d 1275 (5th Cir. 1977); United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972), cert. denied, 414 U.S. 845, 94 S. Ct. 107, 38 L.Ed.2d 83 (1973). In short, the motion must allege facts which, if proven, would provide a basis for relief. A court need not act upon general or conclusory assertions founded on mere suspicion or

2

> conjecture, and the court has discretion in determining the need for a hearing. <u>United States v. Harrelson</u>, 705 F.2d 733 (5th Cir. 1983). Once a defendant has failed to make a proper pretrial request for suppression, the opportunity is waived unless the district court grants relief for good cause shown.

<u>United States v. Richardson</u>, 764 F.2d 1514, 1527 (11th Cir. 1985); <u>see also</u> <u>United States v. Cooper</u>, 203 F.3d 1279, 1285 (11th Cir. 2000); <u>United States V. Aquila-Urbay</u>, 480 F. App'x 564, 571 (11th Cir. 2012).

Defendant's motion in this case fails to meet the threshold pleading requirements for a properly supported motion to suppress. He raises three discrete but conclusory grounds for relief. First, his sole argument regarding the effectiveness of the warrant to authorize a search of the entire residence is stated in one sentence. A review of the application and affidavit in support of the warrant, however, reveals in detail the basis upon which a warrant was sought for the residence, alleging facts which connect the residence with the facts indicating the commission of crimes by Defendant and the probability that evidence of these crimes would be found at this particular residence, namely, Defendant's place of residence. Nothing in the nature of these factual allegations would suggest that evidence of the crimes alleged would only be likely to be found in certain limited areas of the residence. This allegation of infirmity of the warrant is therefore meritless.

3

Secondly, Defendant's four-sentence argument that the warrant overreached in authorizing the examination and search of computer and other electronic media is equally without merit. The affidavit demonstrates a more than sufficient basis for the magistrate judge to believe that evidence of the crimes charged, check and credit card fraud, as well as possession of firearms, would be found on the premises, and that such evidence was also maintained in data form on computers or other electronic devices. Certainly there was probable cause set forth in the affidavit to support a search of any such media for evidence of these crimes.

Defendant's last argument, that information included in the warrant was too stale to support probable cause, is also unsupported by a review of the affidavit. The affidavit relates facts showing an ongoing pattern of fraudulent activity involving stolen Treasury Checks accompanied by a proclivity of Defendant to keep and maintain firearms in the home as well as to conduct meetings and other conspiratorial activities there related to this fraud. The affidavit recites that the fraud activity had been regularly occurring since at least late 2012. See [Doc. 291-1 at 7]. The affidavit further details ongoing fraud involving stolen Treasury checks derived from specific telephone intercepts spanning the months in April, May, June, July and into August, 2014, approximately one month before the warrant was sought in September of 2014. [Id. at 8-10]. The

4

affidavit also recited facts suggesting possession of firearms by Defendant, a felon, on an ongoing basis over the same period. [Id. at 11-12]. All of these facts in the affidavit are sufficient to satisfy a neutral magistrate that these activities were ongoing, did not end in early August 2014, and were connected to Defendant's residence. The information, in other words, was not stale.

In <u>United States v. Leon</u>, 468 U.S. 897, 104 S. Ct. 3405 (1984), the Supreme Court held that evidence need not be suppressed when police obtain the evidence through objective, good faith reliance on an initially valid warrant that is later found to lack probable cause. 468 U.S. at 920-22, 104 S. Ct. at 3419. "The 'good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances . . . may be considered.'" <u>United States v. Taxacher</u>, 902 F.2d 867, 871 (11th Cir. 1990) (quoting <u>Leon</u>, 468 U.S. at 922 n.23, 104 S. Ct. at 3420 n.23).

The good faith exception does not, however, extend to cases where the police have no reasonable grounds for believing that the warrant was properly issued. The Supreme Court in <u>Leon</u> identified four situations in which reliance by the police on a warrant would not be objectively reasonable:

5

> (1) when the judge issues the warrant on a deliberately or recklessly false affidavit;
>
> (2) when the judge wholly abandons his judicial role;
>
> (3) when a warrant is issued on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or
>
> (4) when the warrant is so facially deficient that an officer could not reasonably presume it to be valid.

Leon, 406 U.S. at 923, 104 S. Ct. at 3421; Taxacher, 902 F.2d at 871.

In this case, none of the four exceptions to the good faith doctrine apply. There is no evidence of a false affidavit or that Judge Walker wholly abandoned her judicial role. A review of the affidavit in this case provides ample grounds for the officers to have relied upon the magistrate judge's determination that a warrant be issued. Indeed, a review of the affidavit makes it clear that the government presented probable cause for the search of the residence, specifying with particularity, as the Fourth Amendment requires, the place to be search and the things to be seized. The warrant, based upon the affidavit, was valid on its face and supported by probable cause. There is simply no basis to challenge the good faith of the officers in obtaining the warrant or the basis for the judge in issuing it.

AO 72A
(Rev.8/82)

## IV.
## Conclusion

Accordingly, the motion to suppress the evidence obtained from the search of Defendant's residence conducted on September 24, 2014, as supplemented, [Docs. 246, 290], should be **DENIED**.

It appearing that there are no further pretrial or discovery matters to bring before the undersigned as to this defendant, it is therefore **ORDERED** that this defendant be and is hereby **CERTIFIED** as ready for trial.[1]

**SO REPORTED AND RECOMMENDED**, this 24th day of April, 2015,.

   s/ *E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

---

[1] This Court observes that this defendant has been indicted with additional defendants and that matters pertaining to such co-defendants are still pending. Pursuant to 18 U.S.C. §3161 (h)(7) (the Speedy Trial Act), the time for commencing the trial of these defendants may be stayed until such time as all defendants have been certified ready for trial. Hence, it is not necessary to place the above-named defendant's case on the calendar for trial at this time.

7

AO 72A
(Rev.8/82)