IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:14-cr-344-WSD-2 |
| HUDHAYFAH ABDULLAH, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield's Report and Recommendation (the "R&R") [319] on Defendant Hudhayfah Abdullah's ("Defendant") Motion for Relief from Improper Joinder [245].

## I.   BACKGROUND

Defendant, and seventeen (17) co-defendants, are charged with conspiracy to steal and cash United States Treasury ("US Treasury") checks (Count 1), in certain of the seventeen (17) counts of stealing and cashing US Treasury checks (Counts 2-19), and in certain of the ten (10) counts of aggravated identity theft (Counts 20-30).[1]  These charges are part of a more extensive indictment that alleges three different conspiracies and three different types of substantive offenses.  Defendant

---

[1] Defendant is charged in only some of the US Treasury check and aggravated identity theft counts.

is alleged to be involved in only the US Treasury check offenses.  He is not charged in the other two conspiracies and related substantive offenses (the "Other Crimes").  The first of the Other Crimes concern a scheme involving Sam's Club and Wal-Mart access device fraud (Counts 31, 32-45, 46-59) and the second of the Other Crimes (Count 62) alleges a Hobbs Act conspiracy.  Defendant argues that the US Treasury check scheme in which he is named as a defendant should be severed from the Sam's Club and Wal-Mart access device scheme and the Hobbs Act conspiracy because he is not alleged to have been involved in these Other Crimes and if these crimes are allowed to be part of the US Treasury check trial, he will be prejudiced at trial.  The Government contends that there is a connection between the crimes because the nature and execution of the schemes alleged in the indictment are similar, in that identity fraud was used to facilitate the check fraud and the credit card fraud; that defendant Asad Abdullah was the "designer, organizer, and/or leader of both fraud schemes;" and that the conspiracies are related because they "had a common criminal objective, . . . namely to unlawfully obtain money for their own benefit."  (R&R at 4) (quoting [288] at 3-5).

## II.   STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).  Here, neither the Government nor Defendant filed objections to the R&R and the Court reviews the findings and recommendations in the R&R for plain error.

### III.   DISCUSSION

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendant may be charged in one or more counts together or separately.

Fed. R. Crim. P. 8(b).  "Joinder of parties and defendants under Rule 8 is designed to promote judicial economy and efficiency."  United States v. Weaver, 905 F.2d

1466, 1476 (11th Cir. 1990), cert. denied, 498 U.S. 1091 (1991).  "[A] countervailing purpose of Rule 8(b) 'is to prevent the cumulation of prejudice [resulting from] charging several defendants with similar but unrelated offenses.'" Id. (quoting United States v. Bova, 493 F.2d 33, 35 (5th Cir. 1974)).  "[W]hen . . . the connection between different groups is limited to a few individuals common to each but those individuals commit separate acts which involve them in separate offenses with no common aim, then the requisite substantial identity of facts or participants is not present."  Id. at 1477 (quoting United States v. Nettles, 470 F.2d 547, 551 (5th Cir. 1978)).  Even if criminal acts of defendants are similar, they "cannot be properly joined in a multiple defendant trial if different facts and circumstances must be established to support the alleged violations."  Id. (quoting United States v. Gentile, 495 F.2d 626, 630 (5th Cir. 1974)).  Whether "initial joinder is proper under Rule 8(b) is to be determined before trial by examination by the trial court of the allegations stated on the face of the indictment."  Id. at 1476.

    Applying this analytical framework, the Magistrate Judge evaluated the charges asserted in the Indictment.  Finding there are different conspiracies alleged with scant overlap of defendants or conduct, the Magistrate Judge determined that

the charges alleged against the Defendant should be severed from trial of the Other Crimes.  (R&R at 10-11).

The Court has reviewed these findings and recommendations and, finding no plain error in them, they are adopted.

## IV.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge E. Clayton Scofield's Report and Recommendation [319].

**IT IS FURTHER ORDERED** that Defendant Hudhayfah Abdullah's Motion for Relief from Improper Joinder [245] is **GRANTED.**

**SO ORDERED** this 6th day of July, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE